**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4405

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AHMAD KAZZELBACH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:19-cr-00530-JKB-1)

Submitted:  February 2, 2022                         Decided:  February 11, 2022

Before MOTZ and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Steven H. Levin, Jamar R. Brown, ROSENBERG MARTIN GREENBERG, LLP, Baltimore, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Jeffrey J. Izant, Assistant United States Attorney, P. Michael Cunningham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmad Kazzelbach pled guilty, pursuant to a written plea agreement, to cyberstalking, in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5), and intentionally damaging a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(A)(i)(II), (B). The district court sentenced Kazzelbach to 48 months' imprisonment, 11 months greater than his 30-to-37-month advisory Sentencing Guidelines range. On appeal, Kazzelbach argues that his sentence is procedurally and substantively unreasonable. For the reasons set forth below, we affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Blue*, 877 F.3d at 517.

To assess procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, adequately considered the 18 U.S.C. § 3553(a) factors, sufficiently explained the selected sentence, and addressed any nonfrivolous arguments for a different sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). The sentencing explanation need not be extensive, but it must demonstrate that the district court had "a reasoned basis for exercising [its] own legal decision-making authority." *Id.* (internal quotation marks omitted). Where the court addresses the defendant's "central thesis" for mitigation, it need not "address separately

2

each supporting data point marshalled on its behalf." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020).

Kazzelbach argues that the district court committed procedural error by failing to consider his lack of criminal history when weighing the § 3553(a) factors and by failing to consider his argument in mitigation that his status as a first-time offender warranted a below-Guidelines-range sentence. Our review of the record reveals that the district court discussed the § 3553(a) factors at length, including the history and personal characteristics of the defendant. The court also adequately considered the main crux of Kazzelbach's mitigating argument—that the offenses were inconsistent with Kazzelbach's character and personal history. We conclude that Kazzelbach's sentence is therefore procedurally reasonable.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. In determining whether Kazzelbach's above-Guidelines-range sentence is substantively reasonable, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "We will vacate such [a] sentence if its stated reasoning is inadequate or if it relies on improper factors." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a

3

whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted).

Kazzelbach claims that his sentence is substantively unreasonable because the district court's reasons for varying from the Guidelines range—the extent of the harm to the victim, the duration of the harassment, and the manipulation of the criminal justice system—do not justify the extent of the variance; rather, he asserts that those factors were already accounted for in the Sentencing Guidelines calculation. However, the district court adequately explained its decision to impose an upward-variant sentence. The court relied on Kazzelbach's repeated obstruction of justice, specifically his numerous false statements to law enforcement and judicial officers, as well as the severe harm suffered by the victim, as aggravating factors. The court did not cite any impermissible factors, *see Bolton*, 858 F.3d at 915, nor did it give excess weight to one factor while excluding other relevant factors, s*ee, e.g.*, *Zuk*, 874 F.3d at 410 (finding a sentence unreasonable where the court weighed heavily a tangential factor to the exclusion of other important factors). Moreover, the district court acted reasonably in varying 11 months above the Guidelines range established at sentencing. The court initially considered imposing a 60-month sentence but, after balancing the seriousness and duration of Kazzelbach's criminal conduct against his personal circumstances, concluded that a 48-month sentence was appropriate. We therefore conclude that the district court did not abuse its discretion by imposing the above-Guidelines-range sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*